## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 27 2018, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin Loheide
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zacheriah Allen Tillison, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 27, 2018 <br><br> Court of Appeals Case No. 18A-CR-107 <br><br> Appeal from the Bartholomew Circuit Court <br><br> The Honorable Kelly S. Benjamin, Judge <br><br> Trial Court Cause No. 03C01-1709-F6-5108 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Zacheriah Tillison appeals his two-and-a-half-year sentence for resisting law enforcement causing bodily injury, a Level 6 felony, claiming it is inappropriate in light of the nature of his offense and his character. We disagree and affirm the trial court.

# Facts and Procedural History

[2] On September 16, 2017, Tillison took his daughter to a Chuck E. Cheese restaurant in Columbus after taking an un-prescribed Klonopin. Tillison purchased a pizza at the counter and appeared intoxicated to the restaurant manager. The manager observed Tillison sit down in a booth with the child and put his head down on the table. The manager brought the food to the table and tried to wake Tillison. After the manager could not wake Tillison, she called 911 for assistance. When police officers arrived at the restaurant to confront Tillison, he became aggressive, and a struggle ensued. One officer sustained a knee injury. Police took Tillison to the hospital because of his apparent intoxication, and he was subsequently arrested. At the time of the incident, Tillison was on probation following an April 2017 conviction for conversion.

[3] The State charged Tillison with Count I, Level 6 felony resisting law enforcement causing bodily injury; Count II, Level 6 felony neglect of a dependent; and Count III, Class B misdemeanor public intoxication. The State

also filed a petition to revoke Tillison's probation in the conversion case. In November, Tillison pled guilty to resisting law enforcement pursuant to a plea agreement that provided the other charges and the petition to revoke probation would be dismissed. Tr. Vol. II p. 11. The agreement left sentencing to the discretion of the trial court.

[4] In sentencing Tillison, the trial court identified the following aggravating circumstances: Tillison's prior criminal history; he was placed on probation multiple times in the past and had violated his probation; he was on probation at the time of this offense; and he has two outstanding warrants from other counties. *Id*. at 34. The court imposed the maximum sentence of two-and-a-half years—912 days—with 300 days executed in jail and 612 days suspended to probation. The court also ordered that the first 120 days of Tillison's probation be served in jail in order for him to apply for and complete Recovery Works, which is a re-entry program that assists individuals with substance-abuse issues.

[5] Tillison now appeals.

# Discussion and Decision

[6] Tillison argues that a maximum sentence of two-and-a-half years for his Level 6 felony is inappropriate.[1] Under Indiana Appellate Rule 7(B), this Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014). A defendant has the burden of persuading this Court that his or her sentence is inappropriate. *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

[7] The sentencing range for a Level 6 felony is between six months and two-and-a-half years (912 days), with the advisory sentence being one-and-a-half years. Ind. Code § 35-50-2-7(b). Tillison is correct that he was given the maximum sentence of 912 days, but only 300 days were executed and an additional 120 days were to be served in jail as part of probation. Thus, Tillison was ordered to spend a total of 420 days in jail, less than half of the maximum sentence.

[8] Regarding the nature of Tillison's offense, he resisted arrest in a children's restaurant in front of his own daughter, but his conduct was otherwise

---

[1] In his brief, Tillison states "the appropriate standard of review for this appeal is abuse of discretion." Appellant's Br. p. 7. However, Tillison never develops an abuse-of-discretion argument. Instead, he only argues inappropriate sentence under Indiana Appellate Rule 7(B). Therefore, we will decide only whether Tillison's sentence is inappropriate.

unremarkable as far as felony resisting goes. However, his character weighs against any revision in his sentence.

[9] In his brief, Tillison claims that the court record contained information that reflected positively on his character: he had employment waiting with one employer and planned to pick up another job; he pled guilty, thus avoiding the necessity of taking the matter to trial; he showed remorse for what had happened; and he acknowledged the need for and was willing to engage in substance-abuse treatment. Appellant's Br. p. 9. He also claims that he was placed in a situation not of his own doing and attempted to care for his daughter. *Id*. But even if we accept these claims as true, they are significantly overshadowed by his lengthy criminal history. Tillison has five prior felony convictions. He also has eighteen misdemeanor convictions, which include battery, conversion, criminal mischief, and check deception. Tillison has been on probation eleven times, violated probation three times, and was on probation when he committed the offense in this case. Tillison has not reformed his criminal behavior despite being given multiple chances to better himself. We therefore find that Tillison's sentence is not inappropriate.

[10] Affirmed.

Pyle, J., and Barnes, Sr. J., concur.